IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SOSTENES PENA and YOLANDA PENA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:14CV1018 (JCC/JFA) ) |
| HSBC BANK USA and SURETY TRUSTEES, LLC, | ) ) ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant HSBC Bank USA's ("HSBC") Motion to Dismiss the Amended Complaint.[1] [Dkt. 15] For the reasons set forth below, the Court will grant the motion.

**I. Background**

In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Accordingly, the following facts, taken from the Amended Complaint, [Dkt. 13], are accepted as true for

---

[1] Defendant Surety Trustees, LLC ("Surety") also filed a motion to dismiss the amended complaint [Dkt. 18], but the Court entered an agreed order that rendered Surety's motion moot and treated it as a nominal defendant. [Dkt. 24]

1

purposes of this motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This action arises from a residential mortgage foreclosure. On February 5, 2007, Plaintiffs Sostenes Pena and Yolanda Pena ("Plaintiffs") obtained a mortgage loan for property located in Loudoun County, Virginia. (Am. Compl. ¶¶ 1, 6-7.) The loan was evidenced by a note ("Note") and secured by a deed of trust ("Deed of Trust"). (Id. at ¶ 7, Ex. A [Dkt. 13-1].) The Note identifies Indymac Federal Bank ("Indymac") as the lender and defines the "Note Holder" as "anyone who takes this Note by transfer and who is entitled to receive payments under the Note." (Id. at ¶ 7; Def.'s Mem. in Supp. [Dkt. 19] Ex. A at 1.) The Deed of Trust also names Indymac as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (Am. Compl. Ex. A at 1-2.) The Deed of Trust provides that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." (Id.) The Deed of Trust also states that

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security

2

Instrument.

(Id.)

On July 27, 2010, MERS, acting as nominee for the lender, assigned the Deed of Trust to a mortgage trust controlled by HSBC. (Am. Compl. ¶ 36.) On July 29, 2010 and June 11, 2013, MERS executed two additional assignments that also purported to assign the Deed of Trust and Note to HSBC. (Id. at ¶¶ 37-38.)

At some point following the assignments described above, Plaintiffs defaulted on the Note. Plaintiffs were unable to "work something out with [their] servicer" and HSBC, after appointing Surety as a substitute trustee under the Deed of Trust, initiated foreclosure proceedings. (Am. Compl. ¶¶ 11, 12, 24.) Surety, through the law firm of McCabe, Weisberg & Conway, conducted a foreclosure sale on November 29, 2013, and HSBC obtained title to the property. (Id. at ¶ 13.) HSBC has since filed an unlawful detainer action Loudon County General District Court seeking to evict Plaintiffs. (Id. at ¶ 19.)

Plaintiffs initially filed this action in Loudoun County Circuit Court. Defendant removed the case to this Court shortly after service on August 8, 2014. (Notice of Removal [Dkt. 1].) Shortly thereafter, HSBC filed a motion to dismiss the complaint, [Dkt. 3], which was rendered moot when Plaintiffs filed an Amended Complaint as a matter of right under Rule 15 of

3

the Federal Rules of Civil Procedure. [Dkt. 14] Plaintiffs' Amended Complaint contains four counts.

Count I, labeled Rescission of Foreclosure Sale, asks the Court to "enter an Order rescinding the foreclosure sale as having been conducted in violation of the terms of the trust document and without having satisfied all conditions precedent therein." (Am. Compl. ¶ 51.) As grounds for this relief, Plaintiffs allege that HSBC "violated the terms of the Deed of Trust, as it failed to strictly comply with the terms of the trust document, made material misrepresentations in the documents appointing SURETY and the Assignments, and proceeded to foreclose on the Property when it was fully aware of the fact it had no authority to so act." (Id. at ¶ 49.)

In Count II, Plaintiffs request "an order from this Court directing the land records clerk of the county in which the property lies to strike/remove the appointment of substitute trustee documents, the Assignments, and Trustees' Deed from the land records." (Am. Compl. ¶ 62.) According to Plaintiffs, "[HSBC] had no authority to appoint Defendant SURETY as substitute trustee, and [HSBC] had no authority to direct Surety to advertise the property for foreclosure or to effectuate the foreclosure on Plaintiffs home, and therefore had no authority to record [such documents] among the land [records]." (Id. at ¶ 56.)

In Count III, Plaintiffs seek "compensatory and punitive damages" for the "preparation, execution, and recording of the false documents among the land records" discussed above. (Am. Compl. ¶ 69.) Plaintiffs aver that HSBC "caused the[se] documents to be recorded in the public record . . . with knowledge that the filing was untimely, and unjustified because [HSBC] knew that it did not have a lawful authority to call a default, accelerate the debt, appoint a substitute trustee, invoke the power of sale, and to direct Surety to sell the Property and record the Trustees' Deed." (Id. at ¶ 68.)

Lastly, in Count IV, Plaintiffs allege HSBC breached the Deed of Trust by not satisfying conditions precedent prior to initiating foreclose proceedings. (Am. Compl. ¶¶ 71-72.) Plaintiffs ask the Court to find this material breach "meant the remedy of foreclosure did not accrue, [and] thus the substitute trustee had no authority to auction/foreclose the Property, and no title passed to [HSBC] . . . ." (Id. at ¶ 72.) Plaintiffs again ask the Court to "enter an Order rescinding the sale and striking the Trustees' Deed." (Id.)

In the motion to dismiss the amended complaint, HSBC argues that Plaintiffs' claims are barred by the doctrine of res judicata because of Plaintiffs' prior litigation in the United States Bankruptcy Court for the Eastern District of Virginia. (Def.'s Mem. at 5-8.) According to HSBC, "[i]n the Bankruptcy

5

Action, the court fully and finally disposed of the matter and issued Plaintiffs a discharge.  The same issue — HSBC's rights pursuant to the Note and Deed of Trust — was at issue in the Bankruptcy Action.  Having previously conceded HSBC's right to enforce the Note and Deed of Trust in prior litigation, Plaintiffs now are [improperly] attempting to re-litigate the[se] issue[s] in this Court." (Id. at 6.)  In the alternative, Defendant contends that Plaintiffs have failed state a valid claim as to any of the four above mentioned counts.  (Id. at 12-21.)

Having been fully briefed and argued, Defendant's motion is ripe for adjudication.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).  The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual

6

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. Id. Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. Id. Legal conclusions couched as factual allegations are not sufficient, Twombly, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does not have to show a likelihood of success; rather, the complaint must merely allege – directly or indirectly – each element of a "viable legal theory." Twombly, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Iqbal, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however,

consider "documents incorporated into the complaint by reference." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); see also Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006).

### III. Analysis

#### A. Res Judicata

HSBC first argues that Plaintiffs' claims are barred by the doctrine of res judicata on account of a prior bankruptcy order. (Def.'s Mem. at 5.) On August 20, 2010, Plaintiffs filed for relief under Chapter Seven of the Bankruptcy Code. See In re Sostenes V. Pena & Yolanda R. Pena, No. 10-17039-SSM (Bankr. E.D. Va.). The filing activated the automatic stay provision of 11 U.S.C. § 362, which prevents prior creditors from collecting debts, even when it has a security interest in the debtor's property. Under certain circumstances, however, the bankruptcy court may provide relief from the automatic stay. See 11 U.S.C. § 362(d). The bankruptcy court may lift the stay if there is good cause, such as if the creditor's interest is not adequately protected, or if the debtor has no equity in the

collateral and the collateral is not necessary for effective reorganization. Id.

On September 15, 2010, HSBC moved for relief from the automatic stay, acknowledging that it was the party secured by the Deed of Trust. (Def.'s Mem. at 6.) Plaintiffs did not oppose the motion, and the court granted HSBC's requested relief on September 24, 2010. (Id.) HSBC submits that the bankruptcy court's order is preclusive of the instant claims. (Id.)

Our sister district recently addressed this same argument on nearly identical facts. See Canterbury v. J.P. Morgan Mortg. Acquisition Corp., No. 3:10-cv-54, 2010 WL 5314543, at *1-3 (W.D. Va. Dec. 20, 2010). In Canterbury, plaintiff brought suit against defendant contesting the foreclosure of his home. Id. at *1. Plaintiff claimed defendant "was not the holder of the note" and therefore "was not entitled to foreclose on the property[.]" Id. Defendant moved to dismiss on grounds that a prior order from the bankruptcy court lifting the automatic stay and permitting defendant to move forward with the foreclosure was preclusive. Id. at *2. Judge Moon declined to adopt defendant's position, noting that "[c]ourts are reluctant to find that a proceeding pursuant to Section 362 provides a basis for *res* judicata." *Id.* Judge Moon went on to hold:

> Defendant's motion in the instant case

> cannot be granted on the basis of a strict application of res judicata doctrine. Plaintiff's failure to file a responsive pleading in the lift stay proceedings was at most an admission that [defendant] had a colorable claim to the Gordonsville property. See Grella, 42 F.3d at 32. Res judicata does not apply because "the merits of claims [were] not in issue." County Fuel, 832 F.2d at 293. Accordingly, the first prong of the res judicata test has not been satisfied. See Beverley, 404 F.3d at 248.

Id. at *3.

The facts of this case are indistinguishable from those presented in Canterbury, and under the same rationale expressed by Judge Moon, the Court finds the doctrine of res judicata inapplicable. A lift stay proceeding is a quick, summary affair. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 219 (4th Cir. 1994); Grella v. Salem Five Cent Savs. Bank, 42 F.3d 26, 31 (1st Cir. 1994). It does not "involve full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate." Grella, 42 F.3d at 32 (citations omitted). Moreover, "[r]elief from the stay is obtained by a simple motion . . . and it is a 'contested matter,' rather than an adversary proceeding." Id. at 33 (citations omitted). The issues considered in a lift stay proceeding are limited strictly to adequacy of protection, equity, and necessity to an effective reorganization. Id. at

10

32. As such, res judicata is unfitting from an order pursuant to § 362 on the facts presented here.

HSBC's alternative argument that res judicata bars this action because the Loudoun County General District Court entered a final judgment in its favor in the unlawful detainer proceeding is similarly unpersuasive. (Def.'s Mem. at 7-8.) HSBC has provided no transcript from these proceedings or a final order from the general district court setting forth its findings and conclusions of law. Given Plaintiffs have pled multiple theories and the ruling from the general district court remains an enigma, the Court finds res judicata unfitting. See In re Banks Auto Parts, Inc., 385 B.R. 142, 148 (Bankr. E.D. Va. 2008). In any event, the Court has serious doubts as to the applicability of this doctrine on such grounds since the general district court possesses limited jurisdiction and was likely unable to adjudicate Plaintiffs' instant claims. See Fed. Nat'l Mortg. Ass'n v. Davis, 963 F. Supp. 2d 532, 536 n.5 (E.D. Va. 2013) ("The law is somewhat unsettled on whether or not the validity of title can be challenged as a defense in an unlawful detainer action.") (citations omitted); Davis v. Samuel I. White, P.C., No. 3:13CV780, 2014 WL 1604270, at *4 (E.D. Va. Apr. 21, 2014) (concluding that general district court's judgment in unlawful detainer action did not have preclusive effect in subsequent foreclosure case after defendant admitted

11

the general district court "lacked jurisdiction to try title").

Having determined that res judicata does not operate as a preclusive bar, the Court will turn to the sufficiency of Plaintiffs' factual allegations.

### B. Count I

Under Count I, Plaintiffs ask the Court to rescind the foreclosure sale "as having been conducted in violation of the terms of the trust document and without having satisfied all conditions precedent therein[.]" (Am. Compl. ¶ 51.) Plaintiffs present several arguments in support of this claim, none of which survive even the slightest scrutiny.

Plaintiffs first argue that HSBC lacked authority to foreclose because it was "not the Lender, nor the successor in interest to the Lender[.]" (Am. Compl. ¶ 26.) According to Plaintiffs, HSBC "claims authority to enforce the Deed of Trust from three 'assignments' . . . all of which contain false statements and are void on their face." (Id. at ¶ 30.) Plaintiffs, however, lack standing to contest the assignments at issue along with HSBC's purported authority gained therefrom. Virginia courts routinely dismiss such challenges on the basis of lack of standing because the complainant was not a party to or intended beneficiary of the challenged document. See Wolf v. Fed. Nat'l Mortg. Ass'n, 830 F. Supp. 2d 153, 161 (W.D. Va. 2011) (concluding that plaintiff had no standing to challenge

12

the assignment of a deed of trust, because "[a]bsent an enforceable contract right, a party lacks standing to challenge the validity of the contract"), aff'd, 512 F. App'x 336 (4th Cir. 2013); Figueroa v. Deutsche Bank Nat'l Trust Co., No. 1:13cv592, at *3-4 (E.D. Va. July 10, 2013) (holding plaintiff had no standing to allege that the assignment of the note and deed of trust violated a pooling or service agreement or any other contract because she could not show she was a party to, or third-party beneficiary, of any such agreement), aff'd, 548 F. App'x 85 (4th Cir. 2013).

Moreover, even if Plaintiffs maintained standing to contest the assignments, their arguments have been continually considered and rejected in this circuit. See Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 625 (4th Cir. 2011); Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 701 (E.D. Va. 2010), aff'd, 441 F. App'x 166 (4th Cir. 2011); Sheppard v. BAC Home Loans Servicing, LP, No. 3:11-cv-00062, 2012 WL 204288, at *4-8 (W.D. Va. Jan. 24, 2012); Larota-Florez v. Goldman Sachs Mortg. Co., 719 F. Supp. 2d 636, 639-42 (E.D. Va. 2010); see also Mabutol v. Fed. Home Loan Mortg. Corp., No. 2:12cv406, 2013 WL 1287709, at *5 (E.D. Va. Mar. 25, 2013) ("Pursuant to this language in the deed of trust, MERS, as the lender's nominee and as beneficiary of the deed of trust, was authorized to assign its right, title, and interest under the deed of trust . . . . Accordingly, the

Court concludes that the assignment of the deed of trust from MERS to Nationstar, and Nationstar's subsequent appointment of PFC as substitute trustee, were valid.").

Next, Plaintiffs argue that the Court should invalidate the foreclosure because HSBC has not produced "any of the required documentation to support its assertion it owns this loan[.]" (Am. Compl. ¶ 33.) This claim is contrary to Virginia's non-judicial foreclosure laws. See Va. Code § 55-59.1 ("[T]he fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale.") Virginia has a "well established status as a non-judicial foreclosure state," and "there is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." Upperman v. Deutsche Bank Nat'l Trust Co., No. 1:10cv149, 2010 WL 1610414, at *2-4 (E.D. Va. Apr. 16, 2010). "A defendant's inability to produce the original note [does] not render the foreclosure sale invalid, and [a] plaintiff's claim to the contrary must be dismissed." Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 721 (W.D. Va. 2011).

By the time their home was foreclosed, Plaintiffs had long stopped making payments on the loan and had been through a

14

bankruptcy proceeding.  On the facts alleged, the Court cannot conclude that Plaintiffs have raised a conceivable claim for relief under Count I.  Accordingly, the Court will grant HSBC's motion as to Count I.

### C. Count II

Count II, titled "Remove Cloud on Title," seeks "an order from this Court directing the land records clerk of the county in which the property lies to strike/remove the appointment of substitute trustee documents, the Assignments, and Trustees' Deed from the land records."  (Am. Compl. ¶ 62.)  According to Plaintiffs, because HSBC had no authority to foreclose, all of these records must be stricken.  (Id. at ¶¶ 52-62.)

This claim is entirely derivative of the unsuccessful arguments alleged above - i.e. HSBC had no authority to foreclose - and thus, for this reason alone, it must be dismissed.  Nevertheless, this claim also "fails because Plaintiffs do not allege that they have satisfied the debt encumbering the [p]roperty."  Neil v. Wells Fargo Bank N/A, No. 1:13-CV-644, 2013 WL 4782030, at *2 (E.D. Va. Sept. 4, 2013).  Accordingly, the Court will grant HSBC's motion as to Count II.

### D. Count III

Plaintiffs' third count alleges a claim for slander of title.  (Am. Compl. ¶¶ 63-69.)  "To state a valid claim for

15

slander of title under Virginia law, a plaintiff must allege facts showing '(1) the uttering and publication of the slanderous words by the defendant, (2) the falsity of the words, (3) malice, (4) and special damages.'" Allison v. Shapiro & Burson, LLP, No. 1:09CV00057, 2009 WL 4015410, at *7 (W.D. Va. Nov. 19, 2009) (citations omitted).

This claim, like those above, is based on allegations that HSBC did not have an enforceable claim or interest in the Note and lacked standing to foreclose on the property. (Am. Compl. ¶¶ 63-69.) Thus, according to Plaintiffs, the various documents filed to effectuate the foreclosure (e.g., the Trustees' Deed) have "disparaged Plaintiff's title to the Property[.]" (Id. at ¶ 64.) As already discussed, Plaintiffs have failed to state a claim that HSBC lacked authority to foreclose on the property. Accordingly, the documents at issue cannot constitute slanderous statements. See In re Kazmi, No. 13-10897-BFK, 2013 WL 4859320, at *6 (Bankr. E.D. Va. Sept. 6, 2013). Moreover, Plaintiffs have failed to allege any set of facts under which this Court could conclude that HSBC acted with malice. See Allison, 2009 WL 4015410, at *7 (granting motion to dismiss as to plaintiffs' slander of title claim where they did not properly allege malice). Accordingly, the Court will grant HSBC's motion and dismiss Count III.

E. Count IV

Lastly, similar to the allegations raised in Count One of the original complaint where Plaintiffs asked for declaratory relief, Plaintiffs now claim that HSBC breached a contract by violating the terms of the Deed of Trust "as all conditions precedent were not satisfied" before foreclosure commenced. (Am. Compl. ¶ 71.) Specifically, Plaintiffs claim that HSBC violated the Deed of Trust by failing to "advise the borrower in the notice of the right to cure (that the Lender did not send/was not sent on behalf of the Lender) that [they] had the right to file a court action and raise any defense . . . [and by failing to provide] notice of the sale as required by the contract and Virginia law." (Id. at ¶ 72.) Thus, Plaintiffs allege the "remedy of foreclosure did not accrue" and the foreclosure sale was unlawful. (Id.)

While failure to comply with contractual notice provisions before foreclosure can constitute a cause of action under Virginia law, see Harrison v. U.S. Bank Nat'l Ass'n, No. 3:12-cv-00224, 2012 WL 2366163, at *2 (E.D. Va. June 20, 2012), Plaintiffs have failed to allege any facts sufficient to permit this claim to proceed. Here, Plaintiffs' set forth nothing but conclusory statements in support of their theory. In one sweeping generalization, and without identifying the alleged contractual provisions at issue, Plaintiffs assert that HSBC did

17

not provide sufficient notice. There are no facts to support this generalization, and elsewhere the Amended Complaint alleges that Plaintiffs repeatedly "receiv[ed] demands for payment and threats of foreclosure from [HSBC]." (Am. Compl. ¶ 12.) As such, the Court cannot conclude that Plaintiffs have set forth a claim for relief that is plausible on its face. Moreover, even giving Plaintiffs the benefit of doubt, they have failed to sufficiently allege that they were harmed by the purported breach. Plaintiffs do not claim that they would have been able to pay the amount owed or taken action to halt the foreclosure. Therefore, even if the notice was defective, Plaintiffs have not alleged that they suffered any harm as a result. See Jones v. Fulton Bank, N.A., No. 3:13-CV-126, 2013 WL 3788428, at *4-5 (E.D. Va. July 18, 2013).

In sum, Plaintiffs' claims fail because they have not presented any facts tending to suggest that HSBC exceeded its legal rights in connection with the mortgage at issue. Indeed, the vast majority of Plaintiffs' arguments run directly contrary to Virginia law as repeatedly set forth by this Court and other courts in this circuit. Plaintiffs cite no cases, and none have been found, in which a court faced with similar facts and claims has concluded that such claims are valid under Virginia law. Consequently, the Amended Complaint must be dismissed in its entirety with prejudice.

18

### IV. Conclusion

For the reasons stated above, the Court will grant HSBC's motion to dismiss the amended complaint.

An appropriate order will follow.

|  |  |
|---|---|
|  | /s/ |
| November 4, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |